Dear Mr. Lacour:
This office is in receipt of your opinion request wherein you advise that the East Jefferson Parish Levee District ("District") owns an administrative building acquired with District funds. The District wishes to sell this building and use the proceeds to either purchase a new building or construct a building on land already owned by the District.
The question presented for review is whether the proceeds from the sale of the building must be forwarded to the Department of Natural Resources for deposit into the state treasury pursuant to LSA-R.S. 41:135(A).
Generally speaking, "Each [levee] board of commissioners may buy and hold, sell and transfer, or exchange property, make and execute contracts, and do and perform any and all acts necessary to insure the thorough and adequate protection of the lands of the district from damage by flood, and, and in the case of levee and drainage boards, for the adequate drainage control of the district." LSA-R.S. 38:306(A). See also, LSA-R.S. 38:309(C).
It is the opinion of this office that LSA-R.S. 41:135(A) is inapplicable to the sale of an administrative office building owned by the East Jefferson Levee District. Relevant to this inquiry, LSA-R.S.41:131 relates to sales of "public lands donated by Congress to the state of Louisiana known as swamp and overflowed lands, internal improvements, swamp indemnity lands, or dried lake lands, or to similar lands of anylevee board thereof . . ." An administrative office building is not "land" as contemplated by LSA-R.S. 41:131 and would therefore, not be subject to the dictates of LSA-R.S. 41:135.
It should be noted that while we find that the proceeds from the sale of an administrative office building are not subject to return to the state treasury, "all funds of the [levee] board may be deposited with the state treasurer to the credit of the district." Notwithstanding the foregoing, of perhaps more concern is the "land" upon which the building rests.
While you have not advised us as to the origin of title to the land upon which the building rests, we should point out that if the title to the land was formally in the State of Louisiana and the Board of Commissioners has never requested the state to transfer title to it, then title to the land may not at this time be conveyed to the Board of Commissioners after enactment of LSA-R.S. 41:138. (See Hero Lands Companyv. Board of Commissioners for the Lafourche Basin Levee District,366 So.2d 593, (La.App. 4th Cir. 1978)
We hope this response sufficiently addresses your inquiry. If we may be of further assistance, please do not hesitate to contact our office.
With kindest personal regards, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KEVIN L. HANCHEY Assistant Attorney General
DATE RECEIVED: August 2, 2001
DATE RELEASED: September 18, 2001